Caldwell, J.
There are three motions that we have before us. The motion in the case of the Cleveland Retail Grocers' Association against Sarah A. Exton is to strike the bill of exceptions from the files. In the case of Wm. E. Gbdfrey against the same party, there is the same motion; and in the case of the Cleveland Retail Grocers’ Association against Godfrey, there is a motion by the plaintiff in error for an order to the clerk to amend the journal entries.
This case was tried in the court below, and judgment given, and, after that, a motion was filed for a new trial, which motion was pending for some time, and the motion *316 was finally passed on by the court, and a petition in error was filed in this court and journal entries which showed the judgment, but did not show the overruling or any action of the court on the motion for a new trial. The case then stood in this court on a petition in error, and time passed on until six months had elapsed, when the plaintiff came in and asked for an order to the clerk to amend the journal entries by placing in the journal entries the overruling of the motion for a new trial and, if this goes into the journal entries, then the jdurnal entries will show that the case is yet within the statutory limits when the action in error may be commenced and the journal entries filed; but, if this motion is not allowed, then the bill of exceptions should properly be stricken off. In this case, it was not filed in time, as shown by the journal entries we have. That raises the question that has been discussed, and the only one here to pass upon — whether the journal entries in a case can or cannot be’ amended after the time limited by statute for commencing proceedings in error has elapsed.
The supreme court has passed upon this matter in two different cases, to which our attention has been called:
First. In the case of Townsend v. Harrison, 58 Ohio St., 398:
“Where all the assignments of error, in a petition in error, are founded upon a bill of exceptions taken in a lower court, but not filed in a higher court within six months after the rendition of the judgment in the court below, the judgment should be affirmed, but such state of the record is no ground for dismissing the petition in error.”
That simply decides this question, that where the petition in error says certain matters of error, all of which are founded upon the bill of exceptions, which bill was not filed within the six months with the court, it is proper to strike off the bill of exceptions, but not proper to dismiss the pe^ tition in error, especially if there are other grounds than those that are founded in the bill of exceptions.
*317 I will not pay much attention to that case, because we have another here where the discussion is more directly in point.
In the 41st Law Bulletin, page 9, The Second National Bank of Bucyrus v. Moderwell et al.,* the case was decided by the supreme court on proceedings in error. The syllabus in that case is as follows:
“1. Sections 6716 and 6723, Revised Statutes, when construed together, require that a plaintiff in error file in this court, within six months from the rendition of the judgment complained of ‘either a transcript of the final record, or a transcript of the docket and journal entries, with such original papers or transcripts thereof as are necessary to exhibit the error complained of.’ If a paper writing filed in this court as such transcript, etc,, is not sufficient to exhibit the error complained of, no amendment thereof or addition thereto can be made after the expiration of such period of six months,
“2. ■ Where, however, such transcript, etc,, is sufficient to exhibit the error complained of, but the certificate of the clerk of the circuit court or court of common pleas authenticating such transcript is materially defective, such certificate is amendable by virtue of section 5114,Revised Statutes, and the amendment may be made after the expiration of such period of six months.”
The sections of the Revised Statutes, referred to here, as laying that ground for jurisdiction, are 6716 and 6723. Section 6716 reads:
‘‘The plaintiff in error shall file with his petition either a transcript of the final record, or a transcript of the docket or journal entries, with such original papers or transcripts thereof as. are necessary to exhibit the error complained of; and, if original papers and pleadings are filed, and the final record has not been made, the reviewing court may permit the temporary withdrawal of the originals for a reasonable time, to allow the recording thereof, or direct copies thereof to be made and filed, and the originals to be returned to the inferior tribunal.”
*318 Section 6723, Revised Statutes, is as to the limitation:
“No proceedings to reverse, affect or modify a judgment or final order shall be commenced, unless within six months-after the rendition of the judgment or the making of the final order complained of; or in case,the person entitled to-such proceedings is an infant, .a person of unsound mind- or imprisoned, within six months as aforesaid, exclusive oí the time of such disability.”
Of course, the time of limitation is now changed, and it is these two sections that the supreme court in the syllabus say, when they are construed together, require of the plaintiff in error — I believe the time now is four months from the rendition of the judgment — either the transcript in full, or a transcript of such original papers.
Bradbury, J., in discussing this matter, says:
“The right to institute and carry on proceedings in error is strictly statutory. If, therefore, the plaintiff in error has not complied with the conditions prescribed by the statute as necessary to entitle it to a review of the judgment of which it complains, it has no right to have that judgment, reviewed. One of these requirements, as we have seen, is, that the petition in error and a transcript of the proceedings-must be filed within six months from the rendition of the-judgment sought to be reversed, It follows, therefore, as-a matter of course, that if an authenticated transcript is necessary, and is not filed within the six months, the peti•ton and transcript should be stricken from the filep. If such transcript is necessary,- and must be filed within the time prescribed,then,as it is now too late to begin proceedings anew, the plaintiff in error has lost its right to a rsview of the judgment of the circuit court.”
Then Judg'e Bradbury continues:
“It is at least a debatable question whether an authentication of the transcript by the clerk of the court where the judgment is found is necessary in a proceeding in error. Ih the case of appeals, section 5255, Revised Statutes, requires the clerk, in direct terms, to ‘make an authenticated transcript,’ etc, But section 6716, which prescribes the kind of transcript to be filed with the petition in error, is *319 silent as to an authentication by the clerk. The statute simply requires ‘a transcript’ to be filed.”
That pertains to the particular facts of this case. Now, it is clear, that one of two things must be done by the petition in error; that is, by the plaintiff in error in his petition when he files it. Under section 6716:
“First, he may file a transcript of the final record. That, of course, includes all the pleadings, papers and proceedngs taken in the cause, from its commencement to its conclusion; or, second, he may file a transcript of the docket or journal entries, and either the original papers themselves or copies thereof. In the case before us the plaintiff in error adopted the latter method. The paper in question shows on its face that it purports to give a copy of the pleadings and a copy of the journal entries.”
Now, on the question of amendability to which we are now brought, section 5114, Revised Statutes, says:
“The court may, before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process, or proceeding, by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting other allegations material to the case, or, when the amendment does not change substantially the claim or defense, by conforming the pleading or proceeding to the facts proved; and when an action or proceeding fails to conform to the provisions of this title,the court may permit the same to be made conformable thereto, by amendment.
“The power of amendment thus authorized is very broad. Where there is nothing on which an amendment may rest, of course, none can be made. Here, however, the certificate made by the clerk fails to state that the journal entries of the court of common pleas and circuit court have been correctly transcribed into the paper in question. If, as a matter of fact, that paper contains a correct transcript , of such entries, the certificate of the clerk does not state all that it should state. Surely, here we have something on which an amendment may rest. We have before us the *320 very instrument — the certificate of authentication — sought to be amended.”
This case, as we understand it, holds this: That if the amendment pertains to any matter that is material to the plaintiff in error or to the defendant in error, either to the making of the case or to defending against it, that is set up in the petition in error, that no amendment can be made; but, if it pertains to some mere clerical error by the clerk, that in no way affects the status of the case as to the merits of the plaintiff’s cause or the merits of the defendant’s cause, then the court may order the clerk to correct any mistako he has made,
In the case that I have referred to, in 41 Law Bulletin, the amendment there, pertained entirely to the clerk’s certificate. The clerk had not certified that the journal entries that he had made out and which had been filed in the circuit court or in the supreme court, which ever it was— were a correct transcript of the journal entries in the case— and the court permitted that amendment.
In the case we have before us, the amendment is to bring into the case now by the transcript of journal entries a part of the record that would give this court jurisdiction and, without its being in there, this court would have no jurisdiction. That is a fact that is not disputed in the case, and that we think is the effect of it.
That being true, it seems to us that it is material; it is material matter; it affects both the plaintiff in error and the defendant in error. It affects the plaintiff in error in that he gains jurisdiction in the court; without it he would not. It affects the defendant in error in substantially the reverse way, or in the same way. It is, therefore, a material thing, and the decisions — Loth of them that I referred to, settle the doctrine clearly that no such amendment can be made to the transcript to bring in any new matter, or anything material in the case to be tried in the court, unless it is done within the time limited by statute.
Smith & Blake, and W. W. Boynton, for Plaintiff in Error.
Wm. Howell, and Johnson & Hackney, for Defendant in Error.
We cannot read the case here without believing that we are compelled by the law, as laid down by the supreme court, to overrule the motion to amend the journal entries, and to grant the other two motions.

59 Ohio St., 221.